The plaintiff complains and alleges:
1. That on 9 October, 1882, the defendants above named commenced an action against this plaintiff in the Probate Court of Bertie, North Carolina, for partition by a sale thereof of the following land, to wit (here follows a description of the land, not material to the question before the court), in which said action the plaintiffs therein admit *Page 70 
Thomas J. Harrell, this plaintiff, to be the owner of an undivided three-fifths interest in, and to the same.
2. That on 3 November, 1882, a decree of sale was entered in said action directing a sale of said land for partition among the tenants in common, and James B. Martin, attorney for the plaintiffs in that action, was appointed by the court a commissioner to make said sale.
3. That said commissioner made sale of said land on 1 January, 1883, when and where J. B. Spivey and Etherton Williams became the last and highest bidders, in the sum of $300, which said sum was not a fair and adequate price for said land, the same being reasonably worth $1,000.
4. These defendants have admitted the rental value of the land (98) to be worth $150 a year.
5. That said sum of $300 ought not to have been reported as a fair and adequate bid for said land, but a resale of the same should have been had; that the plaintiff, T. J. Harrell, was deterred and prevented from filing exceptions and objections to the report of the commissioner in said action, and filing objections and exceptions to said sale, for the reason that no report of sale was filed in said action until on 18 January, 1883, and on that day and simultaneously with the filing of the said report a decree was made confirming said report and ordering title to be made to the purchaser.
6. That on that day, to wit, 18 January, 1883, the plaintiff, Thomas J. Harrell, offered and tendered to the then clerk of the Superior Court of Bertie County, W. M. Sutton, the sum of $30, which was 10 per cent of the amount bid, which tender was made as an advance bid and for the purpose of having said land resold, which said sum of $30 so tendered by the plaintiff was refused and declined by said W. M. Sutton, the then clerk of the Superior Court of Bertie County, said Sutton stating at the time of said refusal that he was instructed by counsel for the plaintiff not to receive said sum.
7. That plaintiff was induced not to object to a confirmation of any report that might be made in the cause by the promises and representations of J. B. Spivey, who purchased the land under a verbal agreement with T. J. Harrell to let said T. J. Harrell have said land back, as it was the old homestead of plaintiff's ancestors; that said Spivey made said contract falsely and fraudulently, with no intention of performing it, for the purpose of inducing the plaintiff not to run the land, and for the purpose of inducing plaintiff not to object to said sale.
8. That by reason of said fraudulent acts of said Spivey, who (99) was acting for his coplaintiffs in said matter, said decree of confirmation was made, and said final decree confirming said report is void in law and irregular, and ought not to bind the plaintiff. *Page 71 
9. That the plaintiff hereby tenders the sum of $30 advance on the amount of the bid in said action for the purpose of having said land resold.
10. That the rights of no third parties have intervened, and, if any, they were taken with notice of the fraud and irregularity in said decree confirming said report.
Wherefore, the plaintiff demands judgment:
1. That the final decree confirming the report of sale made in the action referred to in this action be declared void, and that the same be set aside.
2. That a resale of said land be ordered.
3. All legal and equitable relief and costs.
The court rendered judgment as follows:
"This cause coming on to be tried, the court intimated an opinion that plaintiff could not recover upon his complaint, and the plaintiff, in deference to such intimation, submitted to a nonsuit and appealed."
It is familiar learning that he who comes into a court of conscience for relief must come with clean hands. Where two persons enter into a scheme to prevent fair competition of bidders for a tract of land exposed to public sale, and thereby defraud others who are interested in causing it to bring a fair price, and one, in furtherance of the plan, buys the property at much less than its true value, and takes title in his own name, a Court of Equity will not set aside the decree confirming the sale at the instance of the other who isparticeps doli, but will leave the parties in the position where (100) they have placed themselves. 1 Pom. Eq. Jur., sec. 401.
In the seventh paragraph of his complaint the plaintiff alleges that he was deterred from bidding for the land and making it bring its full value, and also from objecting to the order confirming the sale, by a verbal promise of the defendants, J. B. Spivey and Etherton Wilson, to convey to him the old family homestead, a tract of land bought at said sale. Such an agreement will not be enforced. It is not necessary to inquire whether relief should be sought in a new action or by motion in the original cause, since the complainant, on his own showing, cannot invoke the aid of the court to set aside the sale for fraud in which he participated. We concur, therefore, with the judge who tried the cause below in the opinion that the plaintiff is not entitled to recover upon the facts stated in the complaint. The judgment must be
Affirmed. *Page 72 
(101)